# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6856 | **DATE** | 11/18/2011 |
| **CASE TITLE** | Robinson vs. JP Morgan Chase | | |

**DOCKET ENTRY TEXT**

For the reasons given below, Plaintiff's application to proceed *in forma pauperis* and for the appointment of counsel is denied without prejudice. Plaintiff may submit a Second Amended Complaint and new application to proceed *in forma pauperis* and for the appointment counsel on or before 12/19/2011.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiff Gilliard David Robinson, proceeding *pro se*, seeks to proceed *in forma pauperis* and to have counsel appointed for him. At this time, both requests will be denied.

On October 7, 2011 this Court received a copy of Plaintiff's Amended Complaint, which alleges claims against Apple Brook Realty, Inc., Fisher and Shapiro, LLC, Perla Mcano, and J.P. Morgan Chase Bank. The Amended Complaint essentially alleges that the foreclosure of Plaintiff's property violated 42 U.S.C. §§ 1983, 1985 and/or 1986. In checking the boxes on the complaint form, Plaintiff claims that the Defendants used excessive force upon him, failed to intervene to prevent a violation of his civil rights, and stole and sold his property. These allegations are in turn based on alleged violations of "all housing laws" which protect homeowners, and Plaintiffs' statutory right of redemption.

In substance, the Amended Complaint alleges that one or more of the Defendants committed fraud in the process of foreclosing on the Robinsons' property. Plaintiff appears to allege that Defendants: told tenants of the building not to pay rent after Plaintiff attempted to redeem the property, denied Plaintiff the chance to redeem his property, and ejected the Plaintiff from the premises by boarding up the building. It appears that the building was then foreclosed upon; according to Plaintiff, the foreclosing entity never showed the original mortgage note during the proceedings.

To permit Robinson to proceed *in forma pauperis*, the Court must find two things: (1) that Robinson cannot pay the costs of the case; and (2) that the case is not frivolous or brought in bad faith. 28 U.S.C. § 1915(a), (e). A district court shall dismiss a case that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id*. § 1915(e)(2)(B). The Court liberally construes *pro se* filings, including applications to proceed *in forma pauperis*. *See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989).

There are several problems with Plaintiff's Amended Complaint. Plaintiff has not alleged any state action or state actor, as required under §1983. He has also not articulated any basis for believing that his claims fit under §1985 or § 1986. Finally, he has not sufficiently alleged any other basis to establish federal

jurisdiction. Accordingly, if Plaintiff wishes to proceed with this case, he should submit a Second Amended Complaint that articulates a valid federal cause of action and/or facts to support a finding of federal jurisdiction over his claim.

The Court notes that Plaintiff's financial affidavit in support of his motion to proceed *in forma pauperis* is improperly completed. Plaintiff appears to have answered "no" to every question, and has not completed question 2(b). As a non-incarcerated person, Robinson must have some means to survive; however, no income of any kind is accounted for on his application to proceed *in forma pauperis*. This Court cannot grant Plaintiff's motion without an accurate picture of his financial situation. Accordingly, Plaintiff's application is denied, but without prejudice. Plaintiff may therefore pay the filing fee for his suit or submit a revised application, complete with accurate financial information.

Similarly, this Court cannot grant Plaintiff's motion to have counsel appointed without an accurate picture of his financial situation or any evidence that he has already tried to obtain counsel. Accordingly, his application for the appointment of counsel is denied without prejudice, and he may re-file an application with more complete information.

There are several resources available to help Pro Se litigants. Information is available on the Northern District of Illinois website, http://www.ilnd.uscourts.gov/home/ProSe.aspx. There is also a Pro Se Assistance Program, available (by appointment only) by calling (312) 435-5691 or visiting the Clerk's Office Intake Desk on the 20th floor of the Courthouse, at 219 S. Dearborn St., Chicago, IL.